| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DIXIE PELLETS, LLC,** | ) | Case No. _____ |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| **Dr. Charles Bates, Joyce Duck, Belinda B. Early, Kenneth G. Elzinga, Fernand Baruch, Jr. IRA by and through its custodian Entrust MidAtlantic, LLC; Brigitte Schmidt-Ullrich, IRS by and through its custodian Entrust MidAtlantic, LLC; Jean Freitag, The C. Garland Hagen Rev Trust by and through its trustee C. Garland Hagen, GTC Partners, LLC, Kristian M. Gathright, Donovan L. Graham, Wilma C. Graham, Martha D. Hartmann-Harlan, Stephanie R. Holt, B. Stuart Holt, Ill, Kathryn C. Huck, Douglas H. Ludeman, Jr., Andrew Malloy, Irene Malloy, Robert C. Metcalf, Susan T. Miner, Jane C. Nolan, P. Bradley Nott, Jr., Jane T. Nott, Piper Investments, LLC, Alexander K. Scott, Karen Scott, The Smith Living Trust by and through its Trustees Robert L. Smith and Betsy G. Smith; Peter A. Trost, III, Doug Wallace, Joanne Wallace, John M. Weiser, Teri L. Weiser, Gary N. Witthoefft and Diane Perry,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **Adversary Proceeding No.:** _____ |
| **Harbert DP, LLC, Harbert Power, LLC, Dixie Pellets, LLC, Harbert Management, LLC, Harbert Power Fund III, LLC, Wayne Nelson, Pat Molony, and Russell Martin,** fictitious defendants A-Z, as those persons and/or entities who participated in the wrongdoing described herein, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1

# NOTICE OF REMOVAL

Dixie Pellets, LLC (the "Debtor"), a debtor and debtor-in-possession in a pending bankruptcy case in the United States Bankruptcy Court for the Northern District of Alabama and a named defendant in the above-styled lawsuit, gives notice of the removal of the above-styled action to the United States Bankruptcy Court for the Southern District of Alabama, Northern Division as a unit of the United States District Court for the Southern District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As grounds for removal, the Debtor shows unto the Court as follows:

## BACKGROUND

1. On September 13, 2009 (the "Filing Date"), the Debtor filed a voluntary petition for relief (the "Bankruptcy Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court").[1]

2. On or about May 13, 2009, Dr. Charles Bates, Joyce Duck, Belinda B. Early, Kenneth G. Elzinga, Fernand Baruch, Jr. IRA by and through its custodian Entrust MidAtlantic, LLC, Brigitte Schmidt-Ullrich, IRS by and through its custodian Entrust MidAtlantic, LLC, Jean Freitag, The C. Garland Hagen Rev Trust by and through its trustee C. Garland Hagen, GTC Partners, LLC, Kristian M. Gathright, Donovan L. Graham, Wilma C. Graham, Martha D. Hartmann-Harlan, Stephanie R. Holt, B. Stuart Holt, Ill, Kathryn C. Huck, Douglas H. Ludeman, Jr., Andrew Malloy, Irene Malloy, Robert C. Metcalf, Susan T. Miner, Jane C. Nolan, P. Bradley

---

[1] A Motion to Transfer this action to the United States Bankruptcy Court for the Northern District of Alabama is being filed contemporaneously herewith.

Nott, Jr., Jane T. Nott, Piper Investments, LLC, Alexander K. Scott, Karen Scott, The Smith Living Trust by and through its trustees Robert L. Smith and Betsy G. Smith, Peter A. Trost, III, Doug Wallace, Joanne Wallace, John M. Weiser, Teri L. Weiser, Gary N. Witthoefft and Diane Perry (collectively, the "Plaintiffs") filed a civil suit against the Debtor, Harbert DP, LLC, Harbert Power, LLC, Harbert Power Fund III, Harbert Management, LLC, Wayne Nelson, Pat Molony, and Russell Martin (the "State Court Action") in the Circuit Court of Dallas County, Alabama, (the "State Court"). The State Court Action was docketed as CV-2009-900077.

## JURISDICTION

3. The instant notice of removal is filed within 90 days after the order for relief in the Bankruptcy Case. Accordingly, the notice of removal is timely filed under Bankruptcy Rule 9027(a)(2). True and correct copies of all process, pleadings and orders in the State Court Action are attached hereto collectively as Exhibit A and incorporated by reference. Harbert DP, LLC; Harbert Power, LLC; Harbert Management Corporation (incorrectly identified as Harbert Management, LLC); Harbert Power Fund III, LLC; Wayne Nelson; Pat Molony and Russell Martin consent to the removal of the State Court Action (the "Consent"). The Consent is attached hereto as Exhibit B and incorporated by reference.

4. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." The State Court Action is properly removable under 28 U.S.C. §1452(a) for several reasons.

3

5. First, this Court has original jurisdiction under 28 U.S.C. 1334(b), which provides in relevant part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

6. By its General Order of Reference dated July 20, 1984, the United States District Court for the Southern District of Alabama has ordered that "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the Bankruptcy Judges of this District."

7. "The 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999). The Eleventh Circuit has adopted the majority test for bankruptcy "related to" jurisdiction under 28 U.S.C. § 1334(b), originally set out in Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984):

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. […] An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. We join the majority of the circuits that have adopted the *Pacor* formula.

In re Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, 743 F.2d at 994); see also Toledo, 170 F.3d at 1345 (key word in the Lemco/Pacor test is *conceivable*, which makes the jurisdictional grant extremely broad) (emphasis added).

8. The State Court Action is related to the Debtor's Bankruptcy Case because its outcome could alter the Debtor's rights and liabilities and significantly impact the handling and administration of its estate. See In re Zale Corp., 62 F.3d 746, 752 (5th Cir. 1995); Lemco

4

Gypsum, 910 F.2d at 788; see also Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1996) (approving broad tests for "related to" jurisdiction). Any judgment that the Plaintiffs might get against the Debtor may be filed in the Bankruptcy Court as a claim against the Debtor's estate, thereby decreasing the potential recovery for other creditors. The potential increase of claims against the estate is "related to the bankruptcy case, even if there is no assurance . . . that those claims would be allowed." Adams v. Prudential Sec. Inc., 201 B.R. 382, 392 n. 10 (Bankr. E.D. Pa. 1996).

9. The State Court Action "arises in" the Debtor's Bankruptcy Case because it necessarily concerns or involves the allowance or disallowance of claims against the Debtor and the validity, extent, or priority of the Plaintiffs' possible claims against the Debtor. See In re Wood, 825 F.2d 90, 98 (5th Cir. 1987); In re Norrell, 198 B.R. 987, 993 (Bankr. N.D. Ala. 1996) (examples of civil proceedings "arising in" a case under the Bankruptcy Code are, *inter alia*, determinations of validity, extent, or priority of claims). In addition, among the claims asserted in the State Court Action are claims against Harbert Power Fund III, LLC, a significant creditor of the Debtor. To the extent that such claims eventually are found to be meritorious, the resolution of such claims could affect the priority of claims against the Debtor's bankruptcy estate.

10. Furthermore, the State Court Action "arises under" the Bankruptcy Code and raises issues that fall within the exclusive jurisdiction of the Bankruptcy Court. The Debtor and the Plaintiffs dispute who owns the claims asserted in the State Court Action. The Plaintiffs assert that the claims are direct claims and that any recovery on such claims should inure to the sole benefit of the equity holder Plaintiffs. The Debtor contends that, to the extent viable claims have been asserted in the State Court Action, those claims are derivative claims that constitute

5

1/1971504.1
Case 09-01136    Doc 1    Filed 12/11/09    Entered 12/11/09 15:51:09    Desc Main
Document    Page 5 of 9

property of the Debtor's bankruptcy estate that, if pursued, should be pursued for the benefit of the Debtor's creditors. Disputes regarding what constitutes property of a debtor's estate and, consequently, what property is available to fund a debtor's plan of reorganization are proceedings over which district courts and, by reference, bankruptcy courts have exclusive jurisdiction under 28 U.S.C. § 1334(e). See In re Ascher, 128 B.R. 639, 643 (Bankr. N.D. Ill. 1991) (*citing* In re Schraiber, 97 B.R. 937 (Bankr. N.D. Ill. 1989)); In re Duval County Ranch Company, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994) (citing Slay Warehousing Co. v. Modern Boats, Inc., 775 F.2d 619, 620 (5th Cir. 1985)).

11. Finally, "[t]he Eleventh Circuit stated that the interpretation of § 1334(b) 'must also avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate.'" Cook v. Chrysler Credit Corporation, 174 B.R. 321, 327 (M.D. Ala. 1994) (citing Lemco Gypsum, 910 F.2d at 787). To allow the Plaintiffs to adjudicate their claims to judgment in the State Court and then file a claim in the Debtor's bankruptcy case is inefficient and a waste of judicial resources.

12. The Debtor has served a Notice of Filing of Notice of Removal with the Circuit Court of Dallas County, Alabama, and on all parties to the State Court Action pursuant to Bankruptcy Rule 9027.

**WHEREFORE, PREMISES CONSIDERED**, the Debtor respectfully requests the Court to take jurisdiction over the State Court Action and all claims arising therein pursuant to 28 U.S.C. § 1334(b), to issue all necessary orders and process to remove the action from the Circuit Court of Dallas County, Alabama, to this Court as a unit of the United States District Court for the Southern District of Alabama, and to take such other, further, or different action as may be just and proper.

Respectfully submitted this 11th day of December, 2009.

/s/ Jay R. Bender
Jay R. Bender
One of the Attorneys for Dixie Pellets, LLC

Jay R. Bender, Esq.
Jennifer H. Henderson, Esq.
Molly C. Taylor, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone: (205) 521-8000
Fax: (205) 521-8800

# DECLARATION OF COMPLIANCE WITH RULE 9027(c) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

I hereby certify that on the 11th day of December, 2009, I caused a copy of the foregoing Notice of Removal to be filed with the Circuit Court of Dallas County, Alabama, and that the Debtor otherwise has complied with the requirements of Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure.

/s/ Jay R. Bender
One of the Attorneys for Dixie Pellets, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the foregoing by electronic mail and/or by placing a copy of same in the United States Mail, first-class postage pre-paid and addressed to their regular mailing address, on this the 11th day of December, 2009.

Brandy Murphy Lee
Leitman, Siegal, Payne & Campbell, PC
2100 A Southbridge Parkway
Suite 450
Birmingham, AL 35209

E. Glenn Waldrop, Jr.
Lightfoot Franklin & White LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203

                                         /s/ Jay R. Bender
                                               Of Counsel