# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>27-CV-200<br>Date of Filing:<br>05/13/2009 | ELECTRONICALLY FILED<br>5/13/2009 8:21 PM<br>CV-2009-900077.00<br>CIRCUIT COURT OF<br>DALLAS COUNTY, ALABAMA<br>CHERYL STRONG RATCLIFF, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT OF DALLAS COUNTY, ALABAMA
CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ ORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** MUR039    5/13/2009 8:16:55 PM    /s BRANDY MURPHY LEE

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

| State of Alabama | SUMMONS | Case Number: |
| Unified Judicial System | - CIVIL - | 27-CV-2009-900077.00 |
| Form C-34  Rev 6/88 | | |

## IN THE CIVIL COURT OF DALLAS, ALABAMA
## CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** HARBERT DP, LLC, 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE
WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CHARLES BATES
   pursuant to the Alabama Rules of the Civil Procedure

5/13/2009 8:21:29 PM        /s CHERYL STRONG RATCLIFF
Date                         Clerk/Register                              By

] Certified mail is hereby requested       /s BRANDY MURPHY LEE
                                           Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                          Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>27-CV-2009-900077.00 |
|---|---|---|

## IN THE CIVIL COURT OF DALLAS, ALABAMA
## CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** HARBERT POWER, LLC, 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE

WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CHARLES BATES
pursuant to the Alabama Rules of the Civil Procedure

5/13/2009 8:21:29 PM         /s CHERYL STRONG RATCLIFF
Date                          Clerk/Register                                    By

☑ Certified mail is hereby requested    /s BRANDY MURPHY LEE
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____              _____
Date                          Server's Signature

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 27-CV-2009-900077.00 |
| Form C-34 Rev 6/88 | | |

## IN THE CIVIL COURT OF DALLAS, ALABAMA
## CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** DIXIE PELLETS, LLC, 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE

WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CHARLES BATES
pursuant to the Alabama Rules of the Civil Procedure

| 5/13/2009 8:21:29 PM | /s CHERYL STRONG RATCLIFF | |
|---|---|---|
| Date | Clerk/Register | By |

| ] Certified mail is hereby requested | /s BRANDY MURPHY LEE |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____     _____
Date                Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>27-CV-2009-900077.00 |
|---|---|---|

## IN THE CIVIL COURT OF DALLAS, ALABAMA
## CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** HARBERT POWER FUND III, LLC, 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE
WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☒ Service by certified mail of this summons is initiated upon the written request of   CHARLES BATES
pursuant to the Alabama Rules of the Civil Procedure

5/13/2009 8:21:29 PM          /s CHERYL STRONG RATCLIFF
Date                          Clerk/Register                                By

☒ Certified mail is hereby requested    /s BRANDY MURPHY LEE
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

_____          _____
Date                     Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>27-CV-2009-900077.00 |
|---|---|---|

## IN THE CIVIL COURT OF DALLAS, ALABAMA
## CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** HARBERT MANAGEMENT CORPORATION, C/O WILLIAM W. BROOKE ONE RIVERCHASE PARKWAY SO, BIRMINGHAM, AL, 35244

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE

WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CHARLES BATES
pursuant to the Alabama Rules of the Civil Procedure

| 5/13/2009 8:21:29 PM | /s CHERYL STRONG RATCLIFF | |
|---|---|---|
| Date | Clerk/Register | By |

] Certified mail is hereby requested    /s BRANDY MURPHY LEE
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____    _____
Date    Server's Signature

Case 09-01136    Doc 1-1    Filed 12/11/09    Entered 12/11/09 15:51:09    Desc Exhibit A
Part 1    Page 7 of 20

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>27-CV-2009-900077.00 |
|---|---|---|

## IN THE CIVIL COURT OF DALLAS, ALABAMA
## CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** WAYNE NELSON, 2100 THIRD AVENUE NORTH SUITE 600, BIRMINGHAM, AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE
WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CHARLES BATES
pursuant to the Alabama Rules of the Civil Procedure

| 5/13/2009 8:21:29 PM | /s CHERYL STRONG RATCLIFF | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s BRANDY MURPHY LEE
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

Date                    Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>27-CV-2009-900077.00 |
|---|---|---|

### IN THE CIVIL COURT OF DALLAS, ALABAMA
### CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** PATRICK MOLONY, 2100 THIRD AVENUE NORTH SUITE 600, BIRMINGHAM, AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE
WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CHARLES BATES
   pursuant to the Alabama Rules of the Civil Procedure

5/13/2009 8:21:29 PM         /s CHERYL STRONG RATCLIFF
Date                          Clerk/Register                                By

☐ Certified mail is hereby requested     /s BRANDY MURPHY LEE
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:
☐ Return receipt of certified mail received in this office on _____
☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

_____                        _____
Date                          Server's Signature

| State of Alabama | SUMMONS | Case Number: |
| --- | --- | --- |
| Unified Judicial System | - CIVIL - | 27-CV-2009-900077.00 |
| Form C-34 Rev 6/88 | | |

IN THE CIVIL COURT OF DALLAS, ALABAMA
CHARLES BATES ET AL v. HARBERT DP, LLC ET AL

**NOTICE TO** RUSSELL MARTIN, ONE RIVERSHASE PKWY SOUTH, BIRMINGHAM, AL, 35244

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDY MURPHY LEE
WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  CHARLES BATES
pursuant to the Alabama Rules of the Civil Procedure

| 5/13/2009 8:21:29 PM | /s CHERYL STRONG RATCLIFF | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested        /s BRANDY MURPHY LEE
                                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

_____               _____
Date                      Server's Signature

ELECTRONICALLY FILED
5/13/2009 8:21 PM
CV-2009-900077.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
CHERYL STRONG RATCLIFF, CLERK

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

| | |
|---|---|
| Dr. Charles Bates, Joyce Duck,<br>Belinda B. Early, Kenneth G. Elzinga,<br>Fernand Baruch, Jr. IRA by and through its custodian<br>Entrust MidAtlantic, LLC; Brigitte Schmidt-Ullrich, IRS<br>By and through its custodian Entrust MidAtlantic, LLC;<br>Jean Freitag, The C. Garland Hagen Rev Trust by<br>and through its trustee C. Garland Hagen,<br>GTC Partners, LLC, Kristian M. Gathright,<br>Donovan L. Graham, Wilma C. Graham,<br>Martha D. Hartmann-Harlan, Stephanie R. Holt,<br>B. Stuart Holt, III, Kathryn C. Huck,<br>Douglas H. Ludeman, Jr., Andrew Malloy,<br>Irene Malloy, Robert C. Metcalf, Susan T. Miner,<br>Jane C. Nolan, P. Bradley Nott, Jr., Jane T. Nott,<br>Piper Investments, LLC, Alexander K. Scott,<br>Karen Scott, The Smith Living Trust by and through its<br>Trustees Robert L. Smith and Betsy G. Smith;<br>Peter A. Trost, III, Doug Wallace, Joanne Wallace,<br>John M. Weiser, Teri L. Weiser, Gary N. Witthoefft<br>and Diane Perry,<br><br>    Plaintiffs,<br><br>vs.<br><br>Harbert DP LLC, Harbert Power, LLC, Dixie<br>Pellets, LLC, Harbert Management, LLC,<br>Harbert Power Fund III, LLC, Wayne Nelson,<br>Pat Molony, and Russell Martin, fictitious defendants<br>A-Z, as those persons and/or entities who<br>participated in the wrongdoing described herein.<br><br>    Defendants. | Case No: CV-2009-_____ |

## **COMPLAINT**

Comes now the Plaintiffs and state and show as follows in support of their complaint against the Defendants:

## PARTIES

1. Plaintiff, Charles Bates, is an adult resident citizen of Alabama who is a minority member in Dixie Pellets, LLC business which operates a wood pellet plant in Selma, Dallas County, Alabama managed by Harbert DP, LLC and/or in concert with Harbert Power, LLC, Harbert Power Fund III, LLC, Harbert Management Corporation, and/or other fictitious defendants A-Z described further herein.

2. Plaintiffs, Joyce Duck, Belinda B. Early, Kenneth G. Elzinga, Fernand Baruch, Jr., IRA by and through its custodian, Entrust MidAtlantic, LLC; Brigitte Schmidt-Ullrich, IRS by and through its custodian, Entrust MidAtlantic, LLC; Jean Freitag, The C. Garland Hagen Rev Trust by and through its Trustee C. Garland Hagen; GTC Partners, LLC, Kristian M. Gathright, Donovan L. Graham, Wilma C. Graham, Martha D. Hartmann-Harlan, Stephanie R. Holt, B. Stuart Holt, III, Kathryn C. Huck, Douglas H. Ludeman, Jr., Andrew Malloy, Irene Malloy, Robert C. Metcalf, Susan T. Miner, Jane C. Nolan, P. Bradley Nott, Jr., Jane T. Nott, Piper Investments, LLC, Alexander K. Scott, Karen Scott, The Smith Living Trust by and through its Trustees Robert L. Smith and Betsy G. Smith; Robert L. Smith, Trustee, Betsy G. Smith, Trustee, Peter A. Trost, III, Doug Wallace, Joanne Wallace, John M. Weiser and Teri L. Weiser, Gary N. Witthoefft and Diane Perry, are all minority members in Dixie Pellets, LLC, a wood pellet project in Selma, Dallas County, Alabama, managed by Harbert DP, LLC and/or in concert with Harbert Power, LLC, Harbert Power Fund III, LLC, Harbert Management Corporation, and/or other fictitious defendants A-Z described further herein.

3. Individual Defendants, Wayne Nelson, Pat Molony, and Russell Martin are individuals over the age of 18 residing in Alabama whose actions and inactions

occurred based on the project and improvements to the property in Selma, Dallas County, Alabama where the wood pellet project is located.

4. Defendant, Dixie Pellets, LLC is an Alabama limited liability company that operates a wood pellet project in Selma, Dallas County, AL. Of Dixie Pellets, LLC, several members are known to be Alabama residents: New Gas Concepts, Inc., an Alabama corporation, and Dr. Charles Bates are both Alabama residents for jurisdiction and venue purposes of Dixie Pellets, LLC.

5. Defendant, Harbert DP, LLC is a foreign limited liability company who is the sole controlling and managing member of Dixie Pellets, LLC, a wood pellet plant in Selma, Dallas County, Alabama.

6. Harbert Power, LLC, is a foreign limited liability company who is the controlling, managing Harbert Power, LLC is a foreign limited liability company who manages, oversees and operates its subsidiaries and/or investment portfolios, including Harbert Power Fund III, LLC. Harbert Power, LLC has a principal place of business in Alabama and the actions and inactions making the basis of said suit occurred, in material part, in Selma, Dallas County, Alabama.

7. Harbert Power Fund III, LLC is a foreign limited liability company who is believed to be the sole investor in Harbert DP, LLC and the holder of subordinated debt with an excessive interest rate and above market terms. Harbert Power, LLC has a principal place of business in Alabama and the actions and inactions making the basis of said suit occurred, in material part, in Selma, Dallas County, Alabama.

8. Harbert Management Corporation is an Alabama corporation who manages, oversees, and operates its subsidiaries including Harbert Power, LLC, Harbert DP, LLC,

Harbert Power Fund III, LLC, and the Dixie Pellets, LLC wood pellet project in Selma, Dallas County, Alabama.

9. Fictitious Defendants A-Z are defendant individuals and/or entities that participated and/or contributed to the wrongful actions of the Defendants, including negligent, wanton or intentional wrongful conduct of the Defendants, and wrongful conduct which damaged Plaintiffs, including those who are responsible for, participated in, or contributed to the training, overseeing, supervision, hiring, and/or management of the wood pellet project and the investment therein, misrepresentations, suppressions, wrongful business decisions or a conspiracy to commit wrongdoing related to the wood pellet project in Selma, Alabama and investment therein.

## JURISDICTION AND VENUE

10. Jurisdiction and venue is proper over the Plaintiffs because Plaintiff, Charles Bates, is a resident citizen of Alabama and a minority member in Dixie Pellets, LLC, a wood pellet plant located in Dallas County, Alabama.

11. All Plaintiffs voluntarily submit to the jurisdiction and venue of this court.

12. Jurisdiction and venue are proper over the corporate Defendants because Alabama residency exists for Dixie Pellets, LLC and believed to exist for the other Defendants as they have principal places of business in Alabama and have previously submitted to state court jurisdiction. Furthermore, all Defendants are involved in the management, operations and/or investment of Dixie Pellets, LLC and its wood pellet project in Selma, Dallas County, Alabama, where the acts, omissions and property are located related to this suit.

13. Jurisdiction and venue are proper over the individual defendants because they reside in the State of Alabama and their actions and inactions making the basis of this suit occurred in material part in the wood pellet project in Selma, Dallas County, Alabama

14. This court's exercise of jurisdiction does not offend the notions of fair play and substantial justice.

15. Jurisdiction and venue is proper over all defendants, if it is proper for one. *Ex parte Silver Chiropractic Group, Inc.*, 975 So.2d 922 (Ala. 2008). Jurisdiction and venue is proper in this matter because the property at issue is located in Selma, Dallas County, Alabama; and the acts and omissions arose in Selma, Dallas County, Alabama.

## FACTS

16. On or around December, 2006 through February, 2007, Plaintiffs invested approximately $3,500,000.00 in Dixie Pellets, LLC. Dixie Pellets, LLC is a wood pellet project in Selma, Alabama.

17. After the Plaintiffs' investments in Dixie Pellets, LLC, Dixie Pellets, LLC continued to raise capital equity and work to issue debt in the form of bonds through Sterne Agee Group, Inc. (hereinafter referred to as "Sterne Agee") to proceed with the wood pellet project in Selma, Alabama.

18. Sterne Agee entered into a contract for financial advisory services for Dixie Pellets. As a result of said contract, the following material terms, including but not limited to, were disclosed to Plaintiffs by Defendant Dixie Pellets, LLC:

   a. Bond issuance would occur in summer, 2007.

b. Sterne Agee's bond finance deal required approximately $7,000,000.00 of additional capital equity.

   c. Harbert Defendants represented that they were required to invest a minimum of $10,000,000.00 capital equity to do the deal.

   d. Sterne Agee had the bonds buyers lined up to purchase immediately upon issuance.

19. Defendant, Dixie Pellets, LLC, sought capital equity of approximately $7,000,000.00 from the Harbert Defendants as a result of additional capital equity needs for the Sterne Agee bond financing for the Selma project. As a result of the financing needs of Dixie Pellets, LLC, Defendants inspected the Selma project and did due diligence in Selma related to the capital equity needed pursuant to the Sterne Agee bond deal and to continue property improvements for the Selma project.

20. On or about May 14, 2007, the Harbert Defendants made material misrepresentations and/or suppression of facts, including but not limited to the following:

   a. Harbert Defendants committed that they would be satisfied putting in $10,000,000.00 in capital to Dixie Pellets.

   b. Harbert Defendants would be receiving shares for the capital contribution of $10,000,000 at $1.00 per share.

   c. Harbert Defendants would work diligently with Sterne Agee.

21. As a proximate result and in reasonable reliance thereon, Plaintiffs executed a proxy and voted in favor of Defendant, Harbert DP, LLC's admission as majority member of Dixie Pellets, LLC.

22. At that time and immediately thereafter, wrongfully Defendant failed to disclose and suppressed material information from Plaintiffs, including but not limited to:

   a. Harbert Defendants had already been seriously discussing and engaging Calyon as financial advisor to Dixie Pellets and had been working on a different bond deal with different terms.

   b. The terms being discussed and considered with Calyon required substantially more capital equity than the terms of debt structured by Sterne Agee.

   c. Defendant planned on firing Sterne Agee and hiring their own investment bank, Calyon, in order to take control of the deal on their terms and enhance their position and investment to the detriment of Plaintiffs.

   d. Defendants conduct and pattern of conduct was to increase, at whatever cost, the return to its investors, Harbert Power Fund III, LLC, to the detriment Plaintiffs.

   e. Defendants intended on putting more than $10,000,000 into Dixie Pellets Selma project so to increase the return it and its investors would receive.

   f. Defendants acted to bind Dixie Pellets to subordinated debt at excessive interest rate of 20 percent with terms that would capitalize such excessive interest so to divest Plaintiffs interest in Dixie Pellets in favor of Harbert Defendants who ended up with both equity and convertible debt in the Selma project.

23. After Plaintiffs reasonably relied on Harbert Defendants' material misrepresentations and/or suppressions of material fact, Defendants immediately and to the detriment of the Plaintiffs acted wrongfully, including but not limited to the following:

a. Intentionally sabotaged the deal with Sterne Agee.

b. Immediately put in place Harbert Defendants own financial advisor, Calyon, and continued discussions about a bond deal with new and different terms unfavorable to Plaintiffs.

c. Paid hundreds of thousands of dollars to Sterne Agee.

d. In a deli in Birmingham in a face to face meeting in late May or June, 2007, Wayne Nelson, Pat Molony, and the Harbert Defendants told Plaintiffs that "they did not like to work with minority shareholders, they liked to be in control of their projects, and when they did have minority shareholders, it usually did not work out well."

e. Due to the Defendants' wrongful conduct, including sabotaging the Sterne Agee bond deal and the delay as a result, the consequences of the Defendants' actions resulted in the bond deal failing.

f. After firing Sterne Agee and hiring Calyon, Defendants wrongfully and unnecessarily increased expense and time by starting the whole due diligence process over from the beginning thereby harming the plaintiffs.

g. Thereafter, Harbert Defendants, infused additional capital to Dixie Pellets in the form of subordinated convertible debt with an excessive interest rate of 20 percent and extremely unfavorable terms.

h. Continued to infuse capital of its own at excessive interest rates and unfair terms so as to be detrimental to Plaintiffs and increase the Harbert Defendants' return on investment in a manner unfavorable to the Plaintiffs.

    i. Executed intentionally a business plan which only benefited it and its investors to the detriment of Plaintiffs

24. The wrongful, intentional, wanton conduct and pattern of conduct is shown in a spreadsheet provided to Plaintiffs in March, 2009 wherein the Defendants intentionally show that it will have Dixie Pellets, LLC pay off the low rate outside loan, at 6.5 percent rate, within seven years while continuing to maintain the excessive insider loan at a 20 percent interest rate because Harbert Defendants' investors will be treated more favorably than the Plaintiffs. Plaintiffs have been and will continue to be damaged as a proximate result. Dixie Pellets, LLC is a good project and business with a positive cash flow. Defendants intentionally take the positive cash flow and expend it in a fashion to only benefit it and its investors; to the detriment of Plaintiffs.

25. As a proximate result of the Defendants intentional wrongful or wanton actions, Harbert Defendants obtain all equity with any positive value and Dixie Pellets, LLC continues to run a successful Selma project to the detriment of the Plaintiffs.

26. The wrongful actions or inactions of the Defendants, acting in conspiracy with one another, have proximately damaged the Plaintiffs.

27. As a result of the Plaintiffs reasonably relying on misrepresentations or suppressions of material facts by Defendants, Plaintiffs have been damaged.

**COUNT ONE**
**FRAUD**
**MISREPRESENTATION AND SUPPRESSION**

28. Plaintiffs reassert and reallege all each and every allegation made in the preceding paragraphs as if fully set forth herein.

29. Defendants made misrepresentations of material facts upon which the plaintiffs reasonably relied to their detriment.

30. Defendants made material suppressions of material facts upon which the plaintiffs reasonably relied to their detriment.

31. Defendants had a duty to Plaintiffs to disclose material facts.

32. As a proximate result of the Defendants intentional, wanton, or reckless misrepresentations and suppressions of material facts, Plaintiffs have been damaged.

Wherefore, premises considered, Plaintiffs hereby prays for compensatory and punitive damages, attorneys' fees, costs, expenses, and any other relief to which the trier of fact may determine they are entitled.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

33. Plaintiffs reassert and reallege all each and every allegation made in the preceding paragraphs as if fully set forth herein.

34. Defendants had a duty to Plaintiffs.

35. Defendants intentionally, wantonly, negligently breached their duty to Plaintiffs.

36. As a proximate result of the Defendants wrongful breaches, Plaintiffs have been damaged.

Wherefore, premises considered, Plaintiffs hereby pray for compensatory and punitive damages, attorneys' fees, costs, expenses, and any other relief to which the trier of fact may determine they are entitled.